# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BARBARA RIVARD-CROOK; *et al.*,

    Plaintiffs,

vs.

ACCELERATED PAYMENT TECHNOLOGIES, INC.,

    Defendant.

Case No.  2:10-cv-02215-LRH-GWF

**ORDER**

Statement of Fees and Costs (#41)

    This matter comes before the Court on Plaintiffs Todd Granat and Steve Gautier's Statement of Fees and Costs (#41), filed on March 8, 2012 and Defendant's Notice of Non-Opposition to Plaintiffs' Statement of Fees and Costs (#44), filed on March 21, 2012.  On February 24, 2012, the Court granted Plaintiffs' Motion for Protective Order and Attorneys' Fees and awarded Plaintiffs their reasonable attorneys fees and costs associated with bringing the motion. (*See* #39.)  Plaintiffs then submitted their Statement of Fees and Costs (#41), requesting reimbursement of $2,067.50 in fees and costs associated with bringing their Motion for Protective Order (#35).  Defendant does not object to Plaintiffs' requested fees and costs.

## **DISCUSSION**

    The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984).  Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.*  Furthermore, other factors should be taken into

consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiffs request a total of $2,067.50 in fees and costs associated with bringing the Motion for Protective Order (#35). Plaintiffs request reimbursement of attorneys' fees and costs at an hourly rate of $250 for the associate attorneys who worked on this case and $295.00 for the partners who worked on this matter. After reviewing Plaintiffs' Memorandum and the affidavit of Neil Durrant, Esq., the Court finds that the Plaintiffs have offered sufficient evidence that the above hourly rates are reasonable. The Court further finds that the requested fees are reasonable. A total of eight hours was billed by Plaintiffs' attorneys. Six hours were spent drafting the Motion for Protective Order (#35) and the remaining time was spent attending the deposition of Steve Gautier, which the Defendants refused to vacate. Defendant does not oppose Plaintiffs' requested fees. The Court will therefore award Plaintiffs reimbursement for their fees and costs in the amount of $2,067.50. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Accelerated Payment Technologies is to pay Plaintiffs Todd Granat and Steve Gautier the total sum of $2,067.50. Defendant is further ordered to make full payment to Plaintiffs by **Thursday, April 5, 2012.**

DATED this 22nd day of March, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge