1  **SNELL & WILMER LLP**
   GREG BROWER (NV Bar No. 5232)
2  KARL O. RILEY (NV Bar No. 12077)
   3883 Howard Hughes Parkway, Suite 1100
3  Las Vegas, NV 89169
4  Telephone: 702-784-5209
   Facsimile: 702-784-5252
5  Email: gbrower@swlaw.com
          kriley@swlaw.com
6
   **DICKSTEIN SHAPIRO LLP**
7  ARTHUR F. SILBERGELD SBN 81093
   2049 Century Park East, Suite 700
8  Los Angeles, California 90067
9  Telephone: 310-772-8300
   Facsimile: 310-772-8300
10 Email: silbergelda@dicksteinshapiro.com

11 CHRISTINE DE BRETTEVILLE SBN 198167
   700 Hansen Way
12 Palo Alto, CA 94304
13 Telephone: 650-690-9552
   Facsimile: 650-690-9501
14 Email: debrettevillec@dicksteinshapiro.com

15 *Attorneys for Defendant*
   ACCELERATED PAYMENT TECHNOLOGIES, INC.
16

17 **MARQUIZ LAW OFFICE, P.C.**
   CRAIG A. MARQUIZ, ESQ. (NV Bar #7437)
18 MarquizLaw@cox.net
   3088 Via Flaminia Court
19 Henderson, NV 89052
   Telephone: (702) 263-5533
20 Facsimile: (702) 263-5532

21 *Attorney for Plaintiffs* RIVARD-CROOK; CROOK;
   CORONA; DECHAINE; DRAKE, JR.; HAYES;
22 HERRERA; IMAHARA; KNAPP; LAUE;
   LAWRENCE; MALDONADO; STEVENS; and
23 WRIGHT

24 **JOHNS & DURRANT LLP**
   NEIL B. DURRANT (NV Bar #7324)
25 316 East Bridger Ave, 2d Floor
   Las Vegas, NV 89101
26 Telephone: (702) 834-5000
   Facsimile: (702) 834-5001
27 ndurrant@johnsdurrantlaw.com
   *Attorneys for Plaintiffs* GRANAT and GAUTIER
28

STIPULATED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA RIVARD-CROOK; BILL CROOK; RAMON CORONA; MONIQUE DECHAINE; CHARLES DRAKE, JR.; LENORA HAYES; RISA HERRERA; NATE IMAHARA; ERIKA KNAPP; SANDRA LAUE; JOHN LAWRENCE; ARCELIA MALDONADO; KELLY STEVENS; RICK WRIGHT,<br><br>    Plaintiffs,<br>v.<br><br>ACCELERATED PAYMENT TECHNOLOGIES, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 2:10-cv-02215 |
| Todd Granat<br><br>    Plaintiff,<br>vs.<br><br>ACCELERATED PAYMENT TECHNOLOGIES, INC., a Delaware Corporation; and DOES 1 through 100; and ROE Corporations 101 through 200<br>Defendants. | CONSOLIDATED WITH<br>Case No. 2:11-CV-00986-GMN-RJJ |
| Steve Gautier,<br><br>    Plaintiff,<br>vs.<br><br>ACCELERATED PAYMENT TECHNOLOGIES, INC., a Delaware Corporation; DOES 1 through 100; and ROE Corporations 101 through 200 Defendant(s). | CONSOLIDATED WITH<br>Case No. 2:12-CV-00003-RCJ-GWF |

### REVISED STIPULATED PROTECTIVE ORDER

WHEREAS, a Protective Order was entered in Rivard-Crook, et al. v. Accelerated Payment Technologies, Inc., Case No. 2:10-CV-2215 LRH-GWF (the "Rivard-Crook Case"), on May 9, 2011;

WHEREAS, since that time, two additional related cases, Granat v. Accelerated Payment Technologies (Case No. 2:11-CV-00986-GMN-RJJ) and Gautier v. Accelerated Payment

2

Technologies (Case No. 2:12-CV-00003-RCJ-GWF) were consolidated with the Rivard-Crook Case;

WHEREAS, the parties agree that this Revised Stipulated Protective Order entered in the Rivard Crook Case shall be applicable to the consolidated matters;

WHEREAS, the instant Protective Order is identical that entered in the Rivard-Crook Case, but for the addition of the new parties, Granat and Gautier and the terms of the Court's May 9, 2011 Protective Order Governing Confidentiality of Documents, which is by this reference incorporated herein and also reflected in paragraphs 10 and 11 below

Wherefor, the parties having stipulated, by and through their respective counsel, for entry of a Revised Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Court having been advised that the parties expect that information, either documentary or testimonial or both, regarded by the producing party as proprietary and confidential, may be disclosed in discovery and at any hearing or trial of this cause,

IT IS HEREBY ORDERED that:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "CONFIDENTIAL" under the terms of this Revised Stipulated Protective Order (hereinafter "Order"). CONFIDENTIAL information is information that has not been made public and that concerns or relates to the processes, operations, methods and procedures for business activities, payroll, gross receipts, employees and other financial information of the parties; the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. Extracts, summaries, and other documents or materials that reflect or disclose the contents of CONFIDENTIAL information shall likewise be treated as CONFIDENTIAL information for purposes of this Order.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend

"CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, and to label such portions appropriately. In addition, the attorneys for a party shall have thirty (30) days after receipt of the transcript to designate any other portions of the testimony CONFIDENTIAL or ATTORNEYS' EYES ONLY and to inform opposing counsel of such designation. Until such designation has been made or the time for such designation has expired, deposition transcripts shall only be received by or made available to a "Qualified Person." The portions of the testimony so designated shall be subject to the provisions of this Order. No persons shall attend or receive transcript copies of portions of depositions containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information, whether in the form of exhibits or oral testimony, unless such person is a Qualified Person.

4. Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose except by further order of the Court or by written agreement of counsel on behalf of the party who designated the information as CONFIDENTIAL.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to a "Qualified Person," which shall include the court, counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the persons designated below:

    a. a party, or an officer, director, or employee of a party deemed necessary

by counsel to aid in the prosecution, defense, or settlement of this action;

   b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   c. court reporter(s) employed in this action;

   d. a witness at any deposition or other proceeding in this action, if it is established from the face of the document that the witness has had access to the document or the information contained therein; and

   e. any other person to whom the parties in writing agree. Prior to receiving any Confidential Material in this action, each "Qualified Person" (except the Court or Court personnel) shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be retained by counsel for the party making a disclosure to a Qualified Person. Disclosure of CONFIDENTIAL information to any expert or consultant, their employees if assisting any expert or consultant, or other service-provider assisting counsel shall be limited to that confidential information necessary for the consultation work or preparation to testify.

  6. Depositions in which Confidential Material will be disclosed shall be taken only in the presence of Qualified Persons.

  7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "Qualified Persons" listed in subparagraphs 5(b), (c) and (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed to in writing in advance of the disclosure and signed by counsel for the party who designated the information as Attorneys' Eyes Only material, or ordered by the Court. If disclosure of Attorneys' Eyes Only material is

made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall apply.

8.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate, subject to the provisions of paragraph 9 below.

9.  Where a party lawfully has or receives information or documents from a person or entity not a party to this case, that information will not be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY if not marked as such by the producing person or entity, except that: (1) any party may retroactively designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any information obtained or received by another party from a person or entity not a party to this case if the designating party believes the information was unlawfully obtained or received by the person or entity not a party to this case. (In such circumstances, the party who or which obtained the information from the third person may seek relief from the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation pursuant to paragraph 13 of this Order); and (2) information maintained or received by a party's present or prior vendors may be designated as "CONFIDENTIAL" if it is produced by a party or vendor in this litigation.

10. Other than as described below in paragraph 11, if Confidential Material, including any portion of a deposition transcript, designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, is included in any discovery or other non–dispositive motions to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.  However, only those portions of the motion, response, or reply pleadings which contain specific reference to the contents of confidential documents or information, and the exhibits which contain such confidential information, shall be filed under seal.  The remainder of the pleading and other exhibits, which do not contain confidential information, shall be filed as publicly accessible documents unless otherwise specifically ordered by the Court.

11. No documents which are filed with the Court as attachments to a summary judgment or other dispositive motion, or documents which are identified in the joint pretrial order, may be filed under seal unless the proponent seeking protected status of the document(s) establishes "compelling reasons" to rebut the presumption of public access, pursuant to the standards set forth in *Kamakana c. City and Council of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), and as follows:

    a. Any party seeking to seal attachments to a motion for summary judgment or other dispositive motion filed with the Court, or documents which are identified in the joint pretrial order, shall submit a separate memorandum of points and authorities which presents articulable facts identifying the interests favoring continuing the secrecy of the attachments, and shows that these specific interests outweigh the public's interests in disclosure sufficient to overcome the presumption of public access to dispositive pleadings and attachments.

    b. Any application to seal documents attached to a motion for summary judgment or other dispositive motion, or documents identified in the joint pretrial order, shall be served on opposing counsel together with the documents proposed to be filed under seal. Opposing counsel shall have fifteen (15) days from service of any application to seal documents attached to a motion for summary judgment or other dispositive motion, or documents identified in the joint pretrial order in which to file a response.

12. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its CONFIDENTIAL status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

13. If, through inadvertence, a producing party provides any confidential information pursuant to this litigation without marking the information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY information, or provides any information subject to a claim of attorney-client privilege, attorney work product or other privilege or immunity, the producing party may, within fifteen (15) business days of such disclosure, inform the receiving party or parties of the CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune nature of the disclosed information, and the receiving party or parties shall,

7

as applicable, treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information under this Order, and shall return all copies of assertedly privileged or immune documents (and destroy all summaries of same) within five (5) business days of receipt of written notice from the producing party, and to the extent the receiving party or parties has or have already disclosed this information, the receiving party or parties shall promptly notify the producing party as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients unless, with respect to CONFIDENTIAL and ATTORNEYS EYES' ONLY information, they are otherwise entitled to disclosure under this Protective Order. If a party or counsel for a party receives a document or other information that appears on its face to be inadvertently produced and subject to a claim of Privilege or Attorney Work Product ("privileged"), counsel for the receiving party will inform counsel for the producing party promptly after becoming aware of the disclosure and will return such documents to the producing party immediately thereafter.

14. This Order shall be without prejudice to the right of the parties: (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted (provided, however that the parties and/or supplying person shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the challenging party may seek appropriate relief from this Court.); or (ii) to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. Moreover, nothing herein shall be construed as an agreement or admission against a party receiving purportedly confidential information that any information, document, or the like designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by a producing person is in fact confidential or proprietary. Further, this Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

15. Third-parties may (a) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the same extent and in the same manner as parties to this litigation and such documents or information shall be treated by the parties to this litigation in the same manner as documents or information so designated by a party, and (b) intervene in this litigation to enforce the provisions of this Order as if they were a party.

16. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

17. Failure of a party to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, shall not preclude a subsequent challenge thereto.

18. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof. However, counsel shall not be required by this provision to redact the discussion of CONFIDENTIAL or ATTORNEYS' EYES ONLY information contained in any briefs, pleadings, or other filings with the Court, memoranda, correspondence, notes or other internal documents, or to destroy or return such documents, provided that such documents shall remain subject to the terms and conditions of this Order.

19. Neither the entry of this Order, nor the designation of any information, document or the like as CONFIDENTIAL or ATTORNEYS' EYES ONLY, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

20. If any party receives a request for CONFIDENTIAL or ATTORNEYS EYES ONLY information, or if it receives any subpoena or other legal process purporting to require disclosure of such information, said party shall notify the producing party of said request, subpoena or legal process.

RESPECTFULLY SUBMITTED this ___ day of April, 2012.

MARQUIZ LAW OFFICE, P.C.

By: /s/ Craig A. Marquiz
    Craig A. Marquiz, Esq.
    3088 Via Flaminia Court
    Henderson, NV 89052
    Attorney for Plaintiffs RIVARD-CROOK; CROOK; CORONA; DECHAINE; DRAKE, JR.; HAYES; HERRERA; IMAHARA; KNAPP; LAUE; LAWRENCE; MALDONADO; STEVENS; and WRIGHT

JOHNS & DURRANT LLP

By: /s/ Neil Durrant
    Neil Durrant, Esq.
    316 East Bridger Ave, 2d Floor
    Las Vegas, NV 89101
    Attorney for Plaintiffs GRANAT and GAUTIER

DICKSTEIN SHAPIRO LLP

By: /s/ Christine de Bretteville
    Arthur Silbergeld, Esq. (*Pro Hac Vice*)
    Christine de Bretteville, Esq. (*Pro Hac Vice*)
    Attorneys for Defendant ACCELERATED PAYMENT TECHNOLOGIES

(REVISED) STIPULATED PROTECTIVE ORDER

SNELL & WILMER, LLP

By: /s/ Karl O. Riley
    Greg Brower, Esq.
    Karl O. Riley, Esq.
    3883 Howard Hughes Pkwy., Ste. 1100
    Las Vegas, NV 89169
    Attorneys for Defendant ACCELERATED
    PAYMENT TECHNOLOGIES

**ORDER**

IT IS SO ORDERED this 12th day of April, 2012.

_George Foley Jr._
United States Magistrate Judge

(REVISED) STIPULATED PROTECTIVE ORDER

ATTACHMENT "A"

NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully aware of the terms of the Revised Stipulated Protective Order entered in <u>Barbara Rivard-Crook et al. v. Accelerated Payment Technologies, Inc.</u>, Case No. 2:10-cv-02215, pending in the United States District Court for the District of Nevada, have received a copy of said Order and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Without limiting the foregoing, I agree that I will not disclose or discuss any material designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY with any persons other than counsel for a party in the consolidated action and paralegal and clerical personnel assisting such counsel, and other persons permitted access to such material under the Order who have signed declarations under penalty of perjury undertaking to preserve the confidentiality of such material. I agree to use any material designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY solely in connection with my participation in this action and for no other purpose. I agree to return all copies of material designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY to counsel for the party that provided me with the material at the conclusion of my participation in this action.

Dated:_____          _____