# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA RIVARD-CROOK; *et al.*,<br><br>                    Plaintiffs,<br><br>vs.<br><br>ACCELERATED PAYMENT TECHNOLOGIES, INC.,<br><br>                    Defendant. | Case No.  2:10-cv-02215-MMD-GWF<br>**Consolidated with:**<br>2:11-cv-00986-MMD-GWF<br>2:12-cv-00003-MMD-GWF<br>2:12-cv-00776-MMD-GWF<br><br>**ORDER** |

This matter comes before the Court on the Rivard-Crook Plaintiffs' Statement of Attorneys' Fees (#116) and Consolidated Plaintiffs' Statement of Attorneys' Fees (#117), both filed on January 22, 2013.  Defendant Accelerated Payment Technologies, Inc. ("APT") filed a Response (#130) on February 8, 2013.  The Rivard-Crook Plaintiffs filed a Reply (#132) on February 18, 2013.  The Consolidated Plaintiffs filed a Joinder (#133) to the Reply (#132) on February 19, 2013.

This Court awarded Plaintiffs attorneys' fees under Rule 37 for APT's failure to provide certain discovery. *See January 8, 2013 Order, Doc. #106* at 11:9-24.  Specifically, the Rivard-Crook Plaintiffs filed a Motion (#59) seeking (1) production of attorneys-eyes-only listings of certain APT customers, (2) production of un-redacted responsive documents, and (3) sanctions for APT's alleged intentional suppression of the "Knapp Memorandum."  Consolidated Plaintiffs filed a Joinder (#61) to Motion (#59).  The Court granted Plaintiffs' Motion (#59) as to (1) and (2), denied it as to (3), and awarded Plaintiffs attorneys' fees accordingly.  *Id.*  APT filed Objections (#107) to the Order (#106), which are currently pending before the District Judge.

## DISCUSSION

Reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill,

experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed," and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

  **a.** **Rivard-Cook Plaintiffs**

  Craig Marquiz, counsel for the Rivard-Cook Plaintiffs, is a sole practitioner with 18 years of experience. The Court finds an hourly fee commensurate with Mr. Marquiz's skill, experience, and reputation is $300.00. Upon consideration of Mr. Marquiz's statement of fees (#116) and the reasonable time required to compose a motion to compel under the circumstances, the Court will award Mr. Marquiz attorneys' fees for 29.8 hours. Mr. Marquiz is entitled to 11.8 hours for drafting the Motion to Compel (#59), and 16.8 hours for evaluating APT's Response (#62), drafting the Reply (#67), and drafting Motion (#76) for leave to file a supplement to his Reply. The Court will award fees for 1.2 hours for attending the November 14, 2012 hearing.

  **b.** **Consolidated Plaintiffs**

  Three attorneys from the firm representing Consolidated Plaintiffs aided in the subject Motion (#59), partners Neil Durrant and Lance Johns, and associate Robert Peterson. Mr. Peterson argues that his reasonable hourly rate is $250.00, and that the partners' reasonable hourly rate is $295.00. Considering that Consolidated Plaintiffs filed Joinders (#61, #70) to the Motion to Compel (#59) and the Reply (#67), the Court will award them attorneys' fees for 4 hours at the associate rate for contributing to the Motion (#59) and filing their Joinder (#61). Consolidated

Plaintiffs are entitled to 2 hours at the associate rate for strategizing with Mr. Marquiz regarding the Reply (#67).  The Court will also award fees for 1.2 hours for Mr. Durrant's attendance at the November 14, 2012 hearing.  Accordingly,

**IT IS HEREBY ORDERED** that, in the event the District Judge affirms this Court's Order (#106), Defendant Accelerated Payment Technologies, Inc. shall pay the Rivard-Crook Plaintiffs' attorneys' fees in the amount of $8,940.00 within 14 days after the District Judge's order.

**IT IS FURTHER ORDERED** that, in the event the District Judge affirms this Court's Order (#106), Defendant Accelerated Payment Technologies, Inc. shall pay Consolidated Plaintiffs' attorneys' fees in the amount of $1,854.00 within 14 days after the District Judge's order.

DATED this 21st day of February, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge