UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARBARA RIVARD-CROOK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED PAYMENT TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 2:10-cv-02215-MMD-GWF<br><br>ORDER<br><br>(Mtn. for Reconsideration - dkt. no. 107) |

I.  **SUMMARY**

Before the Court is Defendant Accelerate Payment Technologies, Inc.'s Rule 72 Motion for Reconsideration of Magistrate Judge Foley's January 8, 2013, Order ("Order").[1] (Dkt. no. 107.) Judge Foley's Order addresses several motions. Defendant objects only to the ruling on Plaintiffs' motion to compel production of Defendant's customer lists for attorneys-eyes only ("AEO"). For the reasons stated below, the Court denies the Motion.

---

[1] The full title of Defendant's Motion is: Defendant Accelerated Payment Technologies, Inc.'s Rule 72 Motion for Reconsideration of Magistrate Judge Foley's December 28, 2013 Order Granting Plaintiffs' Motion to Compel Discovery, or, In the Alternative, Request for Protective Order Regarding Same; Declaration of Christine De Bretteville in Support Thereof. While the title of the Motion refers to Judge Foley's December 28, 2012 Order, the text of the Motion references Judge Foley's January 8, 2013 Order. Because the docket shows an order by Judge Foley entered on January 8, 2013, the Court assumes the title of the Motion erroneously refers to an earlier non-existent order.

## II. BACKGROUND

This action involves claims by former and current sales representatives of Defendant, a provider of integrated payment processing solutions for small to mid-size businesses, to recover vested commissions on the sales of credit/debit card payment processing packages. The commissions were based on revenue generated by the merchants (or customers) that the sales representatives solicited to obtain defendant's services. In response to Plaintiffs' request, Defendant produced data, signed by the Plaintiffs, relating to the revenue received by each merchant. However, Defendant redacted the names of the merchants and replaced them with a merchant identification number. Judge Foley found that this was contrary to Defendant's earlier agreement to produce, as evidenced in the parties' Court approved Stipulation to Extend Discovery Plan and Scheduling Order ("Stipulation and Order"). The Stipulation and Order stated:

> Defendant APT has agreed to produce all previously requested documentation responsive to the Rivard-Crook Plaintiffs Requests for Production of Documents in an un-redacted format except for commission documentation for each Plaintiff which shall be produced in a coded format (i.e. each APT customer to be assigned a unique numerical code and counsel to be provided with an "attorneys-eyes only" listing of the APT customer corresponding to the assigned numerical code and segregated by Plaintiff);

(Dkt. no. 47, ¶ 5; see also dkt. no. 106 at 2-3.)

In evaluating Defendant's arguments, Judge Foley observed that Defendant "appears to concede that Plaintiffs already have the information to determine the identity of the Defendant's merchants." (Dkt. no. 106 at 4:6-8.) Judge Foley found that Defendant "has not shown good cause why they should be relieved from their agreement in the Stipulation and Order (#47) to produce the listing." (Id. at 4:11-13.) Judge Foley therefore ordered the production of the withheld information – the list that contains merchants' names – for attorneys' eyes only. Defendant objects to this ruling and seeks reconsideration under Rule 72 of the Federal Rules of Civil Procedure.

///

///

## III.   DISCUSSION

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Defendant argues that Judge Foley erred in not requiring plaintiffs to show that the trade secret customer lists are both "relevant and necessary."[2] According to Defendant, in responding to Plaintiffs' request for revenue data, Defendant provided a document that shows the revenues per merchant based on the last five digits of the merchant's identification numbers. Defendant argues that this information should allow Plaintiffs to cross reference the same numbers contained on the commission statements

---

[2]Defendant also raised a new argument not presented to Judge Foley – that compelling production of customer names would cause its parent company to breach its obligation under a Stock Purchase Agreement. Setting aside the fact that Defendant failed to raise this argument for consideration by Judge Foley, the Court does not find any merit in this argument. Production of customer lists pursuant to a court order should insulate Defendant and its parent company from any claim of improper disclosure in breach of a contractual agreement.

produced by Defendant. Defendant also argues that producing the customer lists to Plaintiffs' counsel for attorneys' eyes only would pose a higher risk of inadvertent disclosure. Defendant further contends that Judge Foley erred in rejecting its proposal to produce customer names for secured review, but not retention, by Plaintiffs' counsel and their expert in the presence of a neutral discovery referee whose fees would be compensated by Defendant.

Defendant's arguments are unavailing. Defendant had agreed to the production of its customer lists on an attorneys' eyes only basis and that agreement was approved by the Court. The Magistrate Judge found that Defendant "has not shown good cause why they should be relieved from their agreement in the *Stipulation and Order* (#47) to produce the listing." (Dkt. no. 106 at 4:11-13.) Based on this finding, the Magistrate Judge ordered production of the customer lists at issue. The Court finds that the Magistrate Judge's Order was not clearly erroneous or contrary to law.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

IT IS THEREFORE ORDERED that Defendant's Rule 72 Motion for Reconsideration of Magistrate Judge Foley's Order (dkt. no. 107) is DENIED. Defendant is ordered to comply with Judge Foley's Order within five (5) days.

DATED THIS 10th day of September 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE