UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BARBARA RIVARD-CROOK; BILL CROOK, RAMON CORONA; MONIQUE DECHAINE; CHARLES DRAKE, JR.; LENORA HAYES; RISA HERRERA; NATE IMAHARA; ERIKA KNAPP; SANDRA LAUE; JOHN LAWRENCE; ARCELIA MALDONADO; KELLY STEVENS; RICK WRIGHT,<br><br>        Plaintiffs,<br>  v.<br><br>ACCELERATED PAYMENT TECHNOLOGIES, INC., a Delaware Corporation; VEGAS HOLDING CORP., a Delaware Corporation; GREAT HILL PARTNERS, LLC, a Massachusetts Corporation; GREAT HILL EQUITY PARTNERS III, L.P., a Delaware Limited Partnership; GREAT HILL EQUITY PARTNERS iv, l. p., a Delaware Limited Partnership; and DOES 1 through 100, inclusive,<br>        Defendants. | Case No. 2:10-cv-02215-MMD-GWF<br><br>ORDER<br><br>(Plfs.' Motion for Clarification<br>– dkt. no. 138) |
| AND ALL CONSOLIDATED ACTIONS | |

  Before the Court is Plaintiffs Todd Granat, Steve Goutier, Terry Conners, Neil Maglaya, Ryan Brennan, and Larry Bright's (collectively "Plaintiffs") Motion for Clarification ("Motion"). (Dkt. no. 194.) On January 8, 2014, this Court entered an Order denying Defendants' Motion for Partial Summary Judgment ("the Order"). (Dkt. no. 189.) In the Order, the Court stated "Plaintiffs do not challenge the validity of the prohibition of post-termination commissions contained in Agreement II, Agreement III, or the employee

handbook." (*Id.* at 6.) Although agreeing with the Court's ultimate determination, Plaintiffs object to the Court's characterization of their argument as not challenging the validity of terms contained in Agreement II, Agreement III, or the employee handbook. Plaintiffs request modification of the Court's Order to clarify their argument.

No modification is required because the Court's Order is consistent with the argument presented in Plaintiffs' Complaint, Response to Defendants' Motion for Partial Summary Judgment, and the present motion. The paragraph in which the quoted statement appears accurately describes Plaintiffs' position:

> Defendants' argument that Agreement II, Agreement III, and the employee handbooks expressly prohibit receipt of post-termination commissions fails to address Plaintiffs' contention. Plaintiffs do not challenge the validity of the prohibition of post-termination commissions contained in Agreement II, Agreement III or the employee handbooks. Rather, Plaintiffs assert that they are entitled to post-termination commissions on the accounts they acquired prior to the effective date of those Agreements and pursuant to the compensation structure of Agreement I. In other words, it is undisputed that Plaintiffs are not entitled to post-termination commissions for accounts acquired after implementation of Agreement II. The allegations in the Complaint, however, are that although Agreement II affirmatively established the compensation structure and governed the relationship of the parties moving forward from its effective date, it did not reach back and affect commissions already earned. Thus, Agreement II and Agreement III's prohibition on the receipt of post-termination commissions does not definitively settle the matter because Plaintiffs' contentions rest on the alleged terms of Agreement I.

(Dkt. no. 189 at 6.) As described in the quoted paragraph, Plaintiffs' contention is not that the post-termination prohibition in subsequent agreements is invalid, but rather the term should not be interpreted in the way Defendants assert.[1] Plaintiffs' specific citations to the Complaint and Response included in the Motion are all consistent with this characterization. Moreover, Plaintiffs fail to explain what change would correct the alleged mischaracterization. The Court concludes that the Order accurately reflects the

///
///

---

[1] Plaintiffs *do* challenge the validity of the term in Agreement III, which explicitly purports to eliminate all payment of existing residual commissions as illegal and fraudulently induced. However, the Court treated this provision as a term separate from one simply removing post-termination commissions from a new compensation structure.

2

1 | arguments contained in the Complaint and Response, and there is no need to modify the
2 | Court's language. Plaintiffs' Motion is therefore denied.

    DATED THIS 7th day of April 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE