Marquiz Law Office
Professional Corporation

3088 Via Flaminia Court
Henderson, NV 89052
Phone: (702) 263-5533
Fax: (702) 263-5532

Craig A. Marquiz, Esq.
NV Bar #7437
MarquizLaw@cox.net
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA RIVARD-CROOK; BILL CROOK; RAMON CORONA; MONIQUE DECHAINE; CHARLES DRAKE, JR.; LENORA HAYES; RISA HERRERA; NATE IMAHARA; ERIKA KNAPP; SANDRA LAUE; JOHN LAWRENCE; ARCELIA MALDONADO; KELLY STEVENS; RICK WRIGHT, | Case No. 2:10-cv-02215 |
| Plaintiffs, | |
| v. | **AMENDED STIPULATED PROTECTIVE ORDER** |
| ACCELERATED PAYMENT TECHNOLOGIES, INC., a Delaware Corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | |
| AND RELATED ACTIONS | |

The parties having stipulated, by and through their respective counsel, for entry of an Amended Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Court having been advised that claimed proprietary and confidential information that was disclosed in discovery and may be introduced at any hearing or trial of this cause,

IT IS HEREBY ORDERED that:

1. In connection with discovery proceedings in this action, the parties have designated documents, things, material, testimony or other information derived therefrom, as "CONFIDENTIAL" under the terms of their prior Stipulated Protective Order (Dkt. 16). CONFIDENTIAL information was defined as information that had not been made public and that concerns or relates to the processes, operations, methods and procedures for business activities, payroll, gross receipts, employees and other financial information of the parties; the disclosure of which information may have had the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. Extracts, summaries, and other documents or materials that reflected or disclosed the contents of CONFIDENTIAL information were likewise treated as CONFIDENTIAL information for purposes of that Order.

2. Confidential documents were designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document designated all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial was designated as CONFIDENTIAL or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements were made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, and to label such portions appropriately. In addition, the attorneys for a party had thirty (30) days after receipt of the transcript to designate any other portions of the testimony CONFIDENTIAL or ATTORNEYS' EYES ONLY and to inform opposing counsel of such designation. Until such designation had been made or the time for such designation has expired, deposition transcripts were only to have been received by or made available to a "Qualified Person." The portions of the testimony so designated were subject to the provisions of this Order. No persons could attend or receive transcript copies of portions of

1  depositions containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information, whether
2  in the form of exhibits or oral testimony, unless such person was a Qualified Person.
3      4.      Material designated as CONFIDENTIAL under this Order, the information
4  contained therein, and any summaries, copies, abstracts, or other documents derived in whole or
5  in part from material designated as CONFIDENTIAL (hereinafter "Confidential Material") could
6  only be used only for the purpose of the prosecution, defense, or settlement of this action, and for
7  no other purpose except by further order of the Court or by written agreement of counsel on
8  behalf of the party who designated the information as CONFIDENTIAL.
9      5.      Confidential Material produced pursuant to this Order could be disclosed or made
10 available only to a "Qualified Person," which included the court, counsel for a party (including
11 the paralegal, clerical, and secretarial staff employed by such counsel), and to the persons
12 designated below:
13      a.      a party, or an officer, director, or employee of a party deemed necessary by
14 counsel to aid in the prosecution, defense, or settlement of this action;
15      b.      experts or consultants (together with their clerical staff) retained by such
16 counsel to assist in the prosecution, defense, or settlement of this action;
17      c.      court reporter(s) employed in this action;
18      d.      a witness at any deposition or other proceeding in this action, if it was
19 established from the face of the document that the witness had access to the document or the
20 information contained therein; and
21      e.      any other person to whom the parties in writing agree.
22      6.      Prior to receiving any Confidential Material in this action, each "Qualified
23 Person" (except the Court or Court personnel) was to be provided with a copy of this Order and
24 was required to execute a nondisclosure agreement in the form of Attachment A, a copy of which
25 was to be retained by counsel for the party making a disclosure to a Qualified Person.  Disclosure
26 of CONFIDENTIAL information to any expert or consultant, their employees if assisting any
27 expert or consultant, or other service-provider assisting counsel was to be limited to that
28 confidential information necessary for the consultation work or preparation to testify.

1         7.      Depositions in which Confidential Material was disclosed was only to be taken in
2  the presence of Qualified Persons.
3         8.      The parties further designated certain discovery material or testimony of a highly
4  confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
5  (hereinafter "Attorneys' Eyes Only Material"), in the manner described in paragraphs 2 and 3
6  above.  Attorneys' Eyes Only Material, and the information contained therein, were to be
7  disclosed only to the court, to counsel for the parties (including the paralegal, clerical, and
8  secretarial staff employed by such counsel), and to the "Qualified Persons" listed in
9  subparagraphs 5(b), (c) and (e) above, but could not be disclosed to a party, or to an officer,
10 director or employee of a party, unless otherwise agreed to in writing in advance of the disclosure
11 and signed by counsel for the party who designated the information as Attorneys' Eyes Only
12 material, or ordered by the Court.  If disclosure of Attorneys' Eyes Only material was made
13 pursuant to this paragraph, all other provisions in this Order with respect to confidentiality
14 applied.
15        9.      Confidential and Attorneys' Eyes Only Material produced in this action pursuant
16 to the parties' prior Protective Order (Dkt. #16) may be produced by a party hereto in response to
17 a subpoena duces tecum served upon it in the State of Nevada by Vegas Holding Corp.,
18 Accelerated Payment Technologies or Geoffrey Knapp (parties to the litigation currently pending
19 in the State of California entitled *Vegas Holding Corp. et al. v. Knapp*, Orange County Superior
20 Court Case No. 30-2012-00551681-CU-FR-CJC) (the "Orange County Superior Court Action")).
21 In responding to the subpoena duces tecum, counsel for a party hereto shall first ensure by
22 written agreement signed by counsel issuing such subpoena duces tecum in the Orange County
23 Superior Court Action that the documents to be produced shall be treated with the same level of
24 confidentiality as those documents have been marked in this litigation.  Further, if a multi-page
25 document has been marked on the first page of such document as CONFIDENTIAL or
26 CONFIDENTIAL - ATTORNEYS' EYES ONLY, all pages of such document shall be
27 considered so marked.
28

10. Material produced in response to a subpoena duces tecum issued pursuant to paragraph 9 shall be subject to the same terms of confidentiality as are imposed upon the parties in this action. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action unless produced in the Orange County Superior Court Action, whether or not such material was also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate, subject to the provisions of paragraph 11 below.

11. Where a party lawfully had or received information or documents from a person or entity not a party to this case and not in response to a subpoena duces tecum issued pursuant to paragraph 9, that information is not to be treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY if it was not marked as such by the producing person or entity, except that: (1) any party may retroactively designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any information obtained or received by another party from a person or entity not a party to this case if the designating party believed the information was unlawfully obtained or received by the person or entity not a party to this case. (In such circumstances, the party who or which obtained the information from the third person could seek relief from the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation pursuant to paragraph 16 of this Order); and (2) information maintained or received by a party's present or prior vendors may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" if it was produced by a party or vendor in this action.

12. If Confidential Material or Attorneys' Eyes Only Material, including any portion of a deposition transcript designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, was included in any papers to be filed in Court, such papers were to be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

13. In the event that any Confidential Material or Attorneys' Eyes Only Material was used in any court proceeding in this action, it shall not lose its "CONFIDENTIAL" or

1  "CONFIDENTIAL - ATTORNEYS' EYES ONLY" status through such use, and the party using
2  such shall take all reasonable steps to maintain its confidentiality during such use.
3      14.    If, through inadvertence, a producing party provided any confidential information
4  pursuant to this litigation without marking the information as CONFIDENTIAL or
5  CONFIDENTIAL - ATTORNEYS' EYES ONLY or provides any information subject to a claim
6  of attorney-client privilege, attorney work product or other privilege or immunity, the producing
7  party could, within fifteen (15) business days of such disclosure, inform the receiving party or
8  parties of the CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune nature
9  of the disclosed information, and the receiving party or parties were required to, as applicable,
10  treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY
11  information under this Order, and shall return all copies of assertedly privileged or immune
12  documents (and destroy all summaries of same) within five (5) business days of receipt of written
13  notice from the producing party, and to the extent the receiving party or parties have or had
14  already disclosed this information, the receiving party or parties were to promptly notify the
15  producing party as to the specific recipients of such information and take all reasonable steps to
16  remove such information from said recipients unless, with respect to CONFIDENTIAL and
17  ATTORNEYS' EYES ONLY information, it was otherwise entitled to disclosure under the prior
18  Protective Order (Dkt. #16).  If a party or counsel for a party received a document or other
19  information that appeared on its face to be inadvertently produced and subject to a claim of
20  Privilege or Attorney Work Product ("privileged"), counsel for the receiving party was required
21  to inform counsel for the producing party promptly after becoming aware of the disclosure and
22  will return such documents to the producing party immediately thereafter.
23      15.    This Order shall be without prejudice to the right of the parties: (i) to bring before
24  the Court at any time the question of whether any particular document or information is
25  confidential or whether its use should be restricted (<u>provided</u>, <u>however</u> that the parties and/or
26  supplying person shall try first to dispose of such dispute in good faith on an informal basis.  If
27  the dispute cannot be resolved, the challenging party may seek appropriate relief from this
28  Court); or (ii) to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil

Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. Moreover, nothing herein shall be construed as an agreement or admission against a party receiving purportedly confidential information that any information, document, or the like designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by a producing person is in fact confidential or proprietary. Further, this Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

16. Third-parties may (a) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the same extent and in the same manner as parties to this litigation and such documents or information shall be treated by the parties to this litigation in the same manner as documents or information so designated by a party, and (b) intervene in this litigation to enforce the provisions of this Order as if they were a party.

17. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action and the Orange County Superior Court Action without involving the Court unnecessarily in the process. Nothing in this Order, the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

18. Failure of a party to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, shall not preclude a subsequent challenge thereto.

19. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material or Attorneys' Eyes Only Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel

for the parties shall assemble and return, to each other all documents, material and deposition transcripts designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY and all copies of same, or shall certify the destruction thereof.  However, counsel shall not be required by this provision to redact the discussion of CONFIDENTIAL or ATTORNEYS' EYES ONLY information contained in any briefs, pleadings, other filings with the Court, memoranda, correspondence, notes or other internal documents, or to destroy or return such documents, provided that such documents shall remain subject to the terms and conditions of this Order.

20. Neither the entry of this Order, nor the designation of any information, document or the like as CONFIDENTIAL or ATTORNEYS' EYES ONLY, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

21. If any party receives a request for CONFIDENTIAL or ATTORNEYS EYES ONLY information, or if it receives any subpoena or other legal process purporting to require disclosure of such information, said party shall notify the producing party of said request, subpoena or legal process.

RESPECTFULLY SUBMITTED this 20th day of May, 2016.



Marquiz Law Office
Professional Corporation

By: /s/ Craig A. Marquiz
Craig A. Marquiz, Esq.
3088 Via Flaminia Court
Henderson, NV 89052
Attorney for Rivard-Crook Plaintiffs

Weil & Drage, APC

By: /s/ C. Robert Peterson
Neil B. Durrant, Esq.
C. Robert Peterson, Esq.
2500 Anthem Village Dr.
Henderson, NV 89052
Attorneys for Consolidated Plaintiffs

Snell & Wilmer, LLP

By: /s/ Karl O. Riley
Karl O. Riley, Esq.
3883 Howard Hughes Pkwy., Ste. 1100
Las Vegas, NV 89169
Attorneys for Defendants

Thompson Coburn LLP

By: /s/ Arthur F. Silbergeld
Arthur F. Silbergeld, Esq. (*Pro Hac Vice*)
2029 Century Park East
Ninteenth Floor
Los Angeles, CA 90067
Attorneys for Defendants

**ORDER**

IT IS SO ORDERED this 23rd day of May, 2016.

_____
United States Magistrate Judge

ATTACHMENT "A"

NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully aware of the terms of the Stipulated Protective Order entered in *Barbara Rivard-Crook et al. v. Accelerated Payment Technoligies, Inc.*, Case No. 2:10-cv-02215, pending in the United States District Court for the District of Nevada, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____        _____